Eric L. Chase, Esq. (#010061974)
Ross A. Fox, Esq. (#247742017)
BRESSLER, AMERY & ROSS
A Professional Corporation
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200
echase@bressler.com
rfox@bressler.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OOM, INC.; DHARM, INC.; DIPAK R. PATEL, individually; ANAND S. PATEL, individually; HIMANSHU C. PATEL, individually; and MAHESH V. DUBAL, individually;<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.  2:22-cv-02762-JMV-CLM<br><br>Judges:<br><br>Hon. John Michael Vasquez, USDJ<br>Hon. Cathy L. Waldor, USMJ<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF** |

Now come Plaintiffs, Oom, Inc., Dharm, Inc., Dipak R. Patel, Anand S. Patel, Himanshu C. Patel, and Mahesh V. Dubal (collectively the "Plaintiffs") for their First Amended Complaint for declaratory judgment and other relief hereby allege as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Oom, Inc. ("Oom") is a duly authorized corporation in New Jersey, with its principal address at 61 Morris Street, Morristown, New Jersey 07960.

2. Dharm, Inc. ("Dharm") is a duly authorized corporation in New Jersey, with its principal address at 61 Morris Street, Morristown, New Jersey 07960.

3. Dipak R. Patel ("Dipak") is an individual living at 28 Trout Brook Lane, Mendham, New Jersey 07945.

4. Anand S. Patel ("Anand") is an individual living at 486 Packer Avenue, Franklin Lakes, New Jersey 07417.

5. Himanshu C. Patel ("Himsanshu") is an individual living at 15 Lavender Drive, Piscataway, New Jersey 07054.

6. Mahesh V. Dubal ("Mahesh") is an individual living at 20 South Hall Court, Parsippany, New Jersey 07054.

7. Defendant is the United States of America, with an address at c/o Philip R. Sellinger, U.S. Attorney, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

8. This is an action for declaratory judgment.

9. The jurisdiction of this Court is based upon the provisions of 5 U.S.C. § 702 and 28 U.S.C. §§ 1331 and 2201.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(a)(1).

## SUMMARY OF THE CASE

11. On or about May 28, 2019, the Internal Revenue Service ("IRS") commenced an investigation of and concerning whether the Plaintiffs are subject to penalties under IRC § 6707A for failing to disclose participation in a Death Benefit Trust/Restricted Property Trust implemented by Oom, Inc. in 2013 (the "Oom DBT/RPT") and/or a Death Benefit Trust/Restricted Property Trust implemented by Dharm, Inc. in 2013 (the "Dharm DBT/RPT").

12. The IRS investigated the Oom DBT/RPT and the Dharm DBT/RPT on the basis that Plaintiffs were required to disclose participation in the transaction as it was the "same as or substantially similar" to a certain transaction the IRS had identified in Notice 2007-83 as an alleged listed transaction.

13. On or about June 17, 2020, the IRS imposed 26 U.S.C. § 6707A penalties for Tax Years 2013-2018 on each Plaintiff, separately, for failing to disclose participation in the Oom DBT/RPT and/or the Dharm DBT/RPT.

14. Following the exhaustion of administrative appeals, the IRS's Office of Appeals upheld the assessment of the § 6707A penalties with respect to each Plaintiff.

15. On or about April 4, 2022, the IRS sent to each Plaintiff a Notice of Penalty Charge setting forth the § 6707A imposed on each Plaintiff for the Tax Years 2013-2018.  The § 6707A Penalty imposed on each Plaintiff is attached hereto as Exhibit 1.

16. Exhibit 1 likewise sets forth each Plaintiffs' payment of the § 6707A penalty and the date a refund claim was submitted to the IRS on Form 843.  The IRS has not responded to the refund request despite the passage of sufficient time.[1]

17. Every single § 6707A Penalty for every year must be refunded and/or rescinded because the basis for each § 6707A Penalty is Notice 2007-83 – which has been set aside as invalid.

18. On March 3, 2022, the United States Court of Appeals for the Sixth Circuit set aside Notice 2007-83.

19. In a unanimous decision authored by Chief Judge Jeffrey Sutton, the Sixth Circuit held that "the IRS's process for issuing Notice 2007-83 did not satisfy the notice-and-comment

---

[11] Each of the individual Plaintiffs were also assessed penalties under § 6662A, which are presently subject of a petition each such individual Plaintiff filed with the United States Tax Court.

procedures for promulgating legislative rules under the APA." *Mann Constr., Inc. v. United States*, 6th Cir. No. 21-1500, 2022 U.S. App. LEXIS 5668, at *19 (Mar. 3, 2022) (Exhibit 2).

20. In light of the Sixth Circuit's holding in *Mann Constr., Inc.*, Notice 2007-83 cannot serve as the basis for imposing penalties under IRC § 6707A because the vacatur of Notice 2007-83 is universal and applicable nationwide.

21. In light of the Sixth Circuit's decision in *Mann Constr., Inc.* setting aside Notice 2007-83 as unlawful, the § 6707A penalties imposed on Plaintiffs for Tax Year 2013-2018 should be rescinded, and the IRS should cease the unauthorized collection of penalties imposed on all Plaintiffs pursuant to the invalidated Notice in each of the years 2013-2018.

22. On November 9, 2022, the United States Tax Court recently agreed with the Sixth Circuit's decision in *Mann Constr., Inc.* and held that Notice 2017-10 is a legislative rule that was improperly issued by the IRS without notice and comment as required by the APA. *See Green Valley Investors LLC v. Branch*, 2022 WL 16834499 (U.S. Tax. Ct. Nov. 9, 2022). The Tax Court set aside Notice 2017-10, including the imposition of § 6662A penalties with respect to reportable transactions.[2]

23. In light of the Tax Court's decision in *Green Valley Investors*, the § 6707A penalties (and the 6662A penalties) imposed on Plaintiffs for Tax Year 2013-2018 should be rescinded, and the IRS should cease the unauthorized collection of penalties imposed on all Plaintiffs pursuant to the invalidated Notice 2007-83 in each of the years 2013-2018.

---

[2] The §6662A penalty, like the § 6707A penalty, is imposed when a taxpayer does not file the forms the IRS demands taxpayers file pursuant to the IRS's unlawful Notice.

## BACKGROUND AND FACTS

**Notice 2007-83**

24. On or about November 5, 2007, the IRS issued Notice 2007-83 entitled "Abusive Trust Arrangements Utilizing Cash Value Life Insurance Policies Purportedly to Provide Welfare Benefits" (the "Notice").

25. The IRS issued the Notice without following the APA's notice-and-comment requirements.

26. After identifying a transaction as a Listed Transaction, the IRS provides that all parties participating in a transaction that is the same as or substantially similar to the transactions described in the Notice are required to report or disclose their participation in such transaction by filing a Form 8886.

27. The failure to file the Form 8886 results in the IRS imposing a penalty in accordance with § 6707A(b)(1).

28. For individuals, this penalty is 75% of the decrease in tax shown on the return as a result of engaging in the transaction.

29. Despite § 6707A(b)(1) allegedly allowing the IRS to impose a penalty even if the subject transaction were respected for Federal income tax purposes, a § 6707A(b)(1) penalty may only apply *after* a transaction is properly identified as a listed transaction pursuant to § 6707A(c).

**Oom, Inc. Benefits Trust and Dharm Inc. Benefits Trust**

30. Oom and Dharma are each successful restaurants and are each taxed as an "S" corporation for federal income tax purposes in accordance with subchapter S of the Internal Revenue Code of 1986, as amended.

31. At all relevant times, each of Dipak and Anand owned more than 45% of Oom's issued and outstanding shares.

32. At all relevant times, each of Dipak, Anand, Himanshu and Mahesh owned more than 20% of Dharm's issued and outstanding shares.

33. Dipak and Anand are officers of and involved in Dharm's day-to-day business operations, and at relevant times, each was a participant in the Dharm DBT/RPT.

34. Dipak, Anand, Himanshu and Mahesh are officers of and involved in Oom's day-to-day business operations, and each was a participant in the Oom DBT/RPT.

**Oom and Dharm Form 1120S-Tax Years 2013-2018**

35. On or about June 17, 2020, the IRS issued a proposed adjustment to each of Oom and Dharm's Form 1120S for Tax Years 2013-2018 disallowing deductions for contributions to the Oom and Dharm DBT in each such year.

36. The disallowed deductions increased the taxable income flowing through to Oom and Dharm's owners as a result of the contribution to the DBT in each such year.

37. Plaintiffs timely filed a protest of the proposed tax assessments resulting from the disallowed deductions for contributions to the DBT.

38. Based on the increase in tax to each of the individual Plaintiffs reflected in the proposed assessments, the IRS computed and proposed a penalty under § 6707A on each individual Plaintiff as set forth on Exhibit 1.

39. The IRS also imposed a $10,000 penalty under § 6707A on each of Oom and Dharm.

40. Plaintiffs timely filed a protest of the proposed § 6707A penalties.

41. Prior to the IRS's independent office of appeal upholding the IRS's proposed assessment of the § 6707A penalty, the Sixth Circuit's opinion in *Mann Constr., Inc.* was published, and a copy of the *Mann Constr., Inc.* opinion setting aside and vacating Notice 2007-83 was provided to the Appeals Officer.

42. Notwithstanding the ruling in *Mann Constr. Inc.* setting aside the Notice, the IRS Appeal's Officer sustained the § 6707A penalties on the basis that the IRS considers the Notice to still be valid.

43. The IRS's position is unjustified under applicable facts and law.

## COUNT ONE

**Declaratory Judgment As To Application Of Sixth Circuit's Ruling Setting Aside Notice 2007-83 For Failure To Comply With The Administrative Procedures Act**

44. Plaintiffs incorporate by reference the above paragraphs of the within Complaint.

45. The Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure authorizes this Court to declare Plaintiffs' legal rights when an actual controversy exists between the parties.

46. Plaintiffs and Defendant have adverse legal interests that are of sufficient immediacy and reality to warrant the issuance of a declaratory judgment in accordance with 28 U.S.C. § 2201.

47. The IRS issued the Notice without adherence to the APA's notice-and-comment requirements.

48. On March 3, 2022, the Sixth Circuit set aside Notice 2007-83.

49. In a unanimous decision, the Sixth Circuit held, without qualification, that "[b]ecause the IRS's process for issuing Notice 2007-83 did not satisfy the notice-and-comment procedures for promulgating legislative rules under the APA, we must set aside."

50. Defendant misreads the Sixth Circuit's decision setting aside the Notice for failure to comply with the APA as only applying to those courts within the Sixth Circuit.

51. The Sixth Circuit's vacatur of Notice 2007-83 operates not just on certain parties, but on the completed agency action, *i.e.,* the IRS's unlawful issuance of Notice 2007-83, denying it legal effect. Vacatur operates *in rem* on the challenged agency action itself.

52. Accordingly, Plaintiffs are entitled to a Declaratory Judgment that Notice 2007-83 has been set aside and, therefore, has no effect.

## COUNT TWO

### Declaratory Judgment

53. Plaintiffs incorporate by reference the above paragraphs of the within Complaint.

54. The IRS alleges that the Oom DBT/RPT and the Dharm DBT/RPT are listed transactions as identified in the Notice.

55. The IRS imposed § 6707A (and § 6662A) penalties for Tax Years 2013-2018 on each Plaintiff, separately, for failing to disclose participation in the Oom DBT/RPT and/or the Dharm DBT/RPT.

56. Having failed to comply with the notice-and-comment rulemaking requirements mandated by the APA, the Notice was promulgated unlawfully and Plaintiffs have been and will continue to be adversely affected by Defendant's unlawful conduct.

57. The IRS acted unlawfully in promulgating the Notice, and continues to act unlawfully by its failure and/or refusal to rescind penalties assessed against Plaintiffs in 2013-2018.

58. Plaintiffs have incurred and will continue to incur actual damages as a result of the unlawful collection of the unlawfully assessed penalties.

59. Plaintiffs have no adequate or available administrative remedy despite the Defendant's substantially unjustified continued collection efforts.

60. Plaintiffs are entitled to a declaration that the Oom DBT/RPT and Dharm DBT/RPT are not subject to the reporting requirements of Notice 2007-83 and that the § 6707A (and § 6662A) penalties assessed against Plaintiffs are unlawful and invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

(a) An order declaring that the Sixth Circuit's vacatur of Notice 2007-83 has been set aside in *Mann Constr. Inc.*, and applies equally to Plaintiffs and, therefore, Plaintiffs are not subject to the reporting requirements of Notice 2007-83;

(b) An order declaring that Plaintiffs are entitled to rescission (and/or refund) of the § 6707A penalties assessed on Plaintiffs in Tax Years 2013-2018 on the basis that Notice 2007-83 is unlawful, has been set aside, and the Oom DBT/RPT and Dharm DBT/RPT are not subject to Notice 2007-83; and

(c) All other relief to which Plaintiff may be entitled, including an award of costs and attorneys' fees in accordance with 26 U.S.C. § 7430.

BRESSLER, AMERY & ROSS, P.C.
Attorneys for Plaintiffs

By: _____
ROSS A. FOX

DATED: December 2, 2022

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

9

I certify that the matter in controversy is not the subject of any other action, in any court or arbitration proceeding, except as noted in this Complaint, now pending or contemplated, and that no other parties should be joined in this action, except as otherwise set forth in this Complaint.

*/s/ Ross A. Fox*

ROSS A. FOX

DATED:  December 2, 2022

EXHIBIT 1

|    | Taxpayer | 6707A Penalty Assessed | 6707A Penalty Paid | Date Form 843 Filed |
|----|----------|------------------------|--------------------|---------------------|
| 1. | Oom Inc. | $10,000 (2013) | $10,000 | August 11, 2022 |
|    |          | $10,000 (2014) | $10,000 | August 11, 2022 |
|    |          | $10,000 (2015) | $10,000 | August 11, 2022 |
|    |          | $10,000 (2016) | $10,000 | August 11, 2022 |
|    |          | $10,000 (2017) | $10,000 | August 11, 2022 |
| 2. | Dharm, Inc. | $10,000 (2013) | $10,000 | August 11, 2022 |
|    |          | $10,000 (2014) | $10,000 | August 11, 2022 |
|    |          | $10,000 (2015) | $10,000 | August 11, 2022 |
|    |          | $10,000 (2016) | $10,000 | August 11, 2022 |
|    |          | $10,000 (2017) | $10,000 | August 11, 2022 |
|    |          | $10,000 (2018) | $10,000 | August 11, 2022 |
| 3. | Anand Patel | $39,066.00 (2013) | $39,066.00 | July 29, 2022 |
|    |          | $39,441.75 (2014) | $39,441.75 | July 29, 2022 |
|    |          | $39,639.75 (2015) | $39,639.75 | July 29, 2022 |
|    |          | $37,939.50 (2016) | $37,939.50 | July 29, 2022 |
|    |          | $26,385.00 (2017) | $26,835.00 | July 29, 2022 |
|    |          | $10,357.00 (2018) | $10,357.00 | July 29, 2022 |
| 4. | Dipak Patel | $37,959.75 (2013) | $37,959.75 | July 29, 2022 |
|    |          | $36,287.25 (2014) | $36,287.25 | July 29, 2022 |
|    |          | $42,132.75 (2015) | $42,132.75 | July 29, 2022 |
|    |          | $37,939.50 (2016) | $37,939.50 | July 29, 2022 |
|    |          | $26,839.00 (2017) | $26,839.00 | July 29, 2022 |
| 5. | Mahesh Dubal | $13,647.00 (2013) | $13,647.00 | August 10, 2022 |
|    |          | $14,092.00 (2014) | - | - |
|    |          | $16,893.00 (2015) | - | - |
|    |          | $18,202.00 (2016) | - | - |
|    |          | $14,214.00 (2017) | - | - |
|    |          | $ 6,527.25 (2018) | - | - |
| 6. | Himanshu Patel | $15,871.50 (2013) | - | - |
|    |          | $17,521.50 (2014) | - | - |
|    |          | $19,503.75 (2015) | - | - |
|    |          | $16,448.25 (2016) | - | - |
|    |          | $17,637.00 (2017) | - | - |
|    |          | $ 6,213.00 (2018) | - | - |