<u>Not for Publication</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

OOM INC., *et al*,

            *Plaintiffs*,

    v.

UNITED STATES OF AMERICA,

            *Defendant*.

Civil Action No. 22-2762

<u>**OPINION & ORDER**</u>

<u>**John Michael Vazquez, U.S.D.J.**</u>

      This matter involves a tax penalty imposed because Plaintiffs failed to report a potentially illegal tax shelter.  Plaintiffs seek a declaratory judgment ordering, among other things, that the reporting requirement was vacated by the Sixth Circuit and that they are entitled to rescission or refund of the assessed penalties.  Currently pending before the Court is Defendant's motion to dismiss Plaintiff's First Amended Complaint (the "FAC"). D.E. 29.  The Court reviewed the parties' submissions,[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).   For the reasons set forth below, Defendant's motion is **GRANTED**.

## I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

      Plaintiff Oom Inc. ("Oom") and Dharm, Inc. ("Dharm") operate restaurants and are S corporations for federal income tax purposes.[2]  FAC ¶ 30.  Plaintiffs Dipak R. Patel, Anand S.

---

[1] The Court refers to Defendant's brief in support of its motion as "Def. Br." (D.E. 29-1); Plaintiffs' opposition brief as "Plfs. Opp." (D.E. 30); and Defendant's reply as "Def. Reply" (D.E. 31).

[2] The factual background is taken from the FAC, D.E. 26.  *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (explaining that "[i]n reviewing a facial attack" to the Court's subject matter jurisdiction under Rule 12(b)(1), "the court must only consider the allegations of

Patel, Himanshu C. Patel, and Mahesh V. Dubal own shares of Dharm while Dipak and Anand own shares of Oom.[3] *Id.* ¶¶ 31-32.  In addition, Dipak and Anand are involved in Dharm's daily business operations and all four Individual Plaintiffs are involved in Oom's daily business operations.  *Id.* ¶¶ 33-34.  In 2013, Oom and Dharm each implemented a Death Benefit Trust/Restricted Property Trust (the "Oom DBT/RPT" and the "Dharm DBT/RPT").  *Id.* ¶ 11.

In 2019, the Internal Revenue Service ("IRS") started an investigation into whether Plaintiffs were subject to penalties under Internal Revenue Code ("IRC") § 6707A for failure to disclose participation in the Oom DBT/RPT and Dharm DBT/RPT. *Id.* ¶ 11.  IRC § 6707A permits the IRS to impose penalties for the failure to disclose reportable or listed transactions on an income tax return or statement.  26 U.S.C. § 6707A(a).  A reportable transaction "means any transaction . . . of a type which the Secretary determines having a potential for tax avoidance or evasion." *Id.* § 6707A(c)(1).  A "listed transaction" is "a reportable transaction which is the same as, or substantially similar to, a transaction specifically identified by the Secretary as a tax avoidance transaction." *Id.* § 6707A(c)(2).

In 2007, the IRS issued Notice 2007-83, which is entitled "Abusive Trust Arrangements Utilizing Cash Value Life Insurance Policies Purportedly to Provide Welfare Benefits" (the "Notice").  FAC ¶ 24.  The Notice indicated that certain trust arrangements that utilize cash value life insurance policies constitute listed transactions, such that a failure to disclose may subject a taxpayer to liability under § 6707A.  *Id.* ¶¶ 26-27; *see also* Notice, 2007-2 C.B. 960, 2007 WL

---

the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff").

[3] Because three of the Individual Plaintiffs share a last name, the Court refers to the Individual Plaintiffs by first names.

3015114.  The Notice further provided that substantially similar transactions are listed transactions that must also be disclosed.  FAC ¶ 26; *see also* Notice.

On June 17, 2020, the IRS imposed § 6706A penalties for tax years 2013-2018 on each Plaintiff for failing to disclose participation in the Oom DBT/RPT and the Dharm DBT/RPT. According to the IRS, Plaintiffs were required to disclose the transactions because they were the "same as or substantially similar" to a transaction identified in the Notice.  FAC ¶¶ 12-13. Plaintiffs allege that after exhausting their administrative appeals, the IRS Office of Appeals upheld assessment of the § 6707A penalties.  *Id.* ¶ 14.  On April 4, 2022, the IRS sent each Plaintiff a Notice of Penalty Charge setting forth the penalties.  *Id.* ¶ 15.  Oom, Dharm, Anand and Dipak paid their penalties and filed Form 843s in July and August 2022.[4]  FAC, Ex. 1.  Mahesh paid the imposed penalty and filed a Form 843 for 2013 only.  *Id.*  Himanshu has not paid any penalty or filed a Form 843.  *Id.*

On March 3, 2021, however, the Sixth Circuit decided *Mann Construction, Inc. v. United States*, 27 F.4th 1138 (6th Cir. 2021).  In *Mann*, the Sixth Circuit set aside the Notice because the IRS's process for issuing the Notice "did not satisfy the notice-and-comment procedures for promulgating legislative rules under the APA."  *Mann*, 27 F.4th at 1148.  Plaintiffs allege that the Sixth Circuit's vacatur of the Notice "is universal and applicable nationwide."  FAC ¶ 20. Accordingly, Plaintiffs plead that their § 6707A penalties should be rescinded and that the IRS must cease its unauthorized collection of penalties assessed against Plaintiffs.  *Id.* ¶ 23.

Plaintiffs filed their initial Complaint on May 11, 2022.  D.E. 1.  Plaintiffs then filed the FAC on December 2, 2022, after Judge Waldor granted leave to amend pursuant to Federal Rule

---

[4] A Form 843 is used to claim a refund or request an abatement of certain taxes, interest, penalties, and fees.  *See* About Form 843, Claim for Refund and Request for Abatement, IRS.gov, https://www.irs.gov/forms-pubs/about-form-843rvice.

of Civil Procedure 15(a).  D.E. 25.  In Count One, Plaintiffs seek a declaratory judgment stating

that because of the Sixth Circuit's vacatur in *Mann*, the Notice has no effect.  FAC ¶ 52.  In Count

Two, Plaintiffs seek a declaratory judgment stating that the Oom DBT/RPT and the Dharm

DBT/RPT are not subject to the reporting requirements of the Notice and that the § 6707A penalties

assessed against them are unlawful and invalid.  *Id.* ¶ 60.  Plaintiffs seek an order declaring that

(1) the Sixth Circuit's vacatur of the Notice applies to Plaintiffs, such that Plaintiffs are not subject

to the reporting requirements set forth in the Notice; and (2) Plaintiffs are entitled to recession or

a refund of the § 6707A penalties.  *Id.*, Prayer for Relief.  Defendant subsequently filed the instant

motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  D.E. 29.

## II.    STANDARDS OF REVIEW

In deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court

must first determine whether the party presents a facial or factual attack because the distinction

determines how the pleading is reviewed.  *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849,

854 (E.D. Pa. 2015) (internal quotation marks and citation omitted).  A facial attack "contests the

sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that

the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional

prerequisites."  *Id.*  Here, Defendant asserts the defense of sovereign immunity based on the

pleadings, thereby raising a facial attack.  *See Perez v. New Jersey*, No. 14-4610, 2015 WL

4394229, at *3 (D.N.J. July 15, 2015) ("[T]he State Defendants' motion asserts the defense of

sovereign immunity based on the facts as pleaded in the Second Amended Complaint and is thus

a facial attack.").  Accordingly, "the Court must consider the allegations of the complaint as true,"

much like a Rule 12(b)(6) motion to dismiss.  *Bd. of Trs. of Trucking Emps of N. Jersey Welfare*

*Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)).

### III.   ANALYSIS

Defendant argues that this Court lacks subject matter jurisdiction over Count Two. Defendant maintains that Congress waived sovereign immunity for tax challenges "only to the extent that they are 'for the recovery' of taxes or penalties already paid." Def. Br. at 8-9.  Plaintiffs counter that they are not challenging the assessment of the penalties.  Instead, they maintain that the penalties should be rescinded because the Sixth Circuit vacated the Notice.  Plfs. Opp. at 5.

Absent a waiver, sovereign immunity shields the United States and its agencies from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  Statutory waivers of federal sovereign immunity implicate a court's subject matter jurisdiction.  *CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008).  To be effective, "[w]aivers of the Government's sovereign immunity . . . must be 'unequivocally expressed.'"  *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33 (1992).  Congress has waived the government's sovereign immunity for tax matters under certain circumstances. Pursuant to 28 U.S.C. § 1346(a)(1), district courts have original jurisdiction over civil actions against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority[.]"  28 U.S.C. § 1346(a)(1).  Regardless of how Plaintiffs phrase their claims, one of their clearly stated prayers for relief is an order declaring that they are entitled to rescission and/or a refund of the penalties.  FAC, Prayer at ¶ (a).  Plaintiffs contend that they are entitled to a rescission/refund because *Mann* vacated the Notice.  FAC ¶ 21; *see also* Plfs. Opp. at 6.  Thus, Plaintiffs in part seek to recover a penalty that was purportedly collected without authority.

Plaintiffs, therefore, can only assert these claims against Defendant within the confines of Congress' waiver of sovereign immunity.

"[I]t has been the uniform rule that a taxpayer must pay the full amount of the tax assessment or penalty before he can challenge its validity" under Section 1346.  *Komlo v. United States*, 657 F. App'x 85, 87 (3d Cir. 2016).  Here, Himanshu has not paid the assessed penalty in any amount and Mahesh only paid the 2013 penalty.  FAC, Ex. 1.  Accordingly, their claims regarding rescission do not fall within Congress' sovereign immunity waiver.  This Court lacks subject matter jurisdiction to adjudicate any claims Himanshu and Mahesh assert regarding their unpaid penalties.

A taxpayer must also exhaust administrative remedies before filing suit under Section 1346.  *Bullock v. IRS*, 602 F. App'x 58, 61 (3d Cir. 2015).  26 U.S.C. § 7422 provides that a taxpayer cannot bring suit under Section 1346(a)(1) "until a claim for refund or credit has been duly filed with the Secretary."  26 U.S.C. § 7422.  In addition, a taxpayer must wait six months after filing his claim for a refund before initiating suit, "unless the IRS decides the administrative claim earlier."  26 U.S.C. § 6532(a).  Each Plaintiff that paid the penalty filed their Form 843 in July or August 2022.  Plaintiffs, however, filed their initial complaint in this matter on May 11, 2022, D.E. 1, and the FAC on December 2, 2022, D.E. 26.  In addition, there is no indication that the IRS has acted on any Form 843.  Consequently, no Plaintiff exhausted their administrative remedies before filing suit or the FAC.  Plaintiffs, therefore, fail to establish that their refund/rescission-based claims fall into the limited waiver of sovereign immunity granted through Section 1346.[5]  The Court lacks subject matter jurisdiction to hear these claims.

---

[5] Since Plaintiffs filed the FAC, the six-month period required by Section 7422 has elapsed for each Plaintiff that filed a Form 843.  Accordingly, it appears that these Plaintiffs could now assert

Given the parties' arguments, the Court is obligated to determine whether it has subject matter jurisdiction over the remainder of Plaintiffs' claims, even though this issue was not explicitly raised by the parties.  A "[c]ourt has the ability and obligation to address concerns of subject matter jurisdiction *sua sponte*."  *Doughtery, Clifford & Wadsworth Corp. v. Magna Grp. Inc.*, No. 07-1068, 2007 WL 2300719, at *1 (D.N.J. Aug. 6, 2007).  "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

According to Plaintiffs, the overarching purpose of the FAC is to obtain a declaratory judgment explaining that *Mann* vacated the Notice nationwide.  Plaintiffs do not see to re-litigate the lawfulness of the Notice.  Plfs. Opp. at 1.  In both claims, Plaintiffs seek a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  The Declaratory Judgment Act allows any court of the United States to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).  Nothing in the Declaratory Judgment Act, however, constitutes a waiver of sovereign immunity.  *See Altice USA, Inc. v. N.J. Bd. of Pub. Utils.*, No. 19-21371, 2020 WL 359398, at *4 (D.N.J. Jan. 22, 2020) ("The Declaratory Judgment Act does not abrogate sovereign immunity.").

In addition, Plaintiffs plead that this Court has subject matter jurisdiction through the Administrative Procedures Act.  FAC ¶ 9.  The Administrative Procedures Act ("APA") "provides for judicial review of 'final agency action.'"  *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 247 (3d Cir. 2011) (quoting 5 U.S.C. § 702).  Thus, Congress waived sovereign immunity

---

claims pursuant to Section 1346.  The Court notes, however, that Plaintiffs represent that they already filed a refund suit in New Jersey.  Plfs. Opp. at 13 n.11.

through the APA for suits against the United States involving a "legal wrong because of agency action." *See Temple Univ. Hosp., Inc. v. Sec'y U.S. Dept. of Health & Human Servs.*, 2 F.4th 121, 132 (3d Cir. 2021); 5 U.S.C. § 702. Plaintiffs, however, make clear that they are not challenging the Notice itself. Again, Plaintiffs seek a declaration stating that the vacatur in *Mann* has nationwide effect. Plfs. Opp. at 5. But this is not a review of agency action. In essence, Plaintiffs ask this Court to ratify the Sixth Circuit's decision in *Mann*. But a federal court is not an "agency." 5 U.S.C. § 551(1)(B); *see also Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 95 (2015) ("The APA establishes the procedures federal administrative agencies use for 'rule making.'"). The Court is unaware of any mechanism under the APA that would enable the Court to grant Plaintiffs' requested relief. As a result, the APA cannot serve as the basis for a waiver of sovereign immunity in this instance. Plaintiffs fail to set forth any other basis for a waiver. Accordingly, as pled Defendant is immune from Plaintiffs' claims.

## IV.    CONCLUSION

For the reasons set forth above, and for good cause shown,

IT IS on this 24th day of April, 2023,

**ORDERED** that Defendant's motion to dismiss, D.E. 29, is **GRANTED**; and it is further

**ORDERED** that the First Amended Complaint is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(1); and it is further

**ORDERED** that Plaintiffs shall have thirty (30) days to file an amended complaint that cures the deficiencies noted herein. If Plaintiffs do not file an amended pleading within that time, this matter will be closed.

John Michael Vazquez, U.S.D.J.