<u>Not for Publication</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| OOM INC., *et al*,<br><br>         *Plaintiffs*,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>         *Defendant*. | Civil Action No. 22-2762<br><br><u>**OPINION & ORDER**</u> |

**<u>John Michael Vazquez, U.S.D.J.</u>**

This matter involves a tax penalty imposed because Plaintiffs failed to comply with a reporting requirement targeted at potentially illegal tax shelters.  Plaintiffs seek a declaratory judgment ordering, among other things, that the reporting requirement was vacated by the Sixth Circuit and that they are entitled to rescission or refund of the assessed penalties.  Currently pending before the Court is Defendant's motion to dismiss Plaintiffs' Second Amended Complaint (the "SAC").  D.E. 36.  The Court reviewed the parties' submissions,[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).   For the reasons set forth below, Defendant's motion is **GRANTED in part** and **DENIED in part**.

### I.       FACTUAL BACKGROUND & PROCEDURAL HISTORY

For purposes of the instant motion, the Court does not retrace this case's full factual and procedural history.  The Court's April 24, 2023 opinion granting Defendant's motion to dismiss the First Amended Complaint (the "MTD Opinion") includes a detailed recounting of the factual

---

[1] The Court refers to Defendant's brief in support of its motion as "Def. Br." (D.E. 36-1), Plaintiffs' opposition brief as "Plfs. Opp." (D.E. 38), and Defendant's reply (D.E. 39) as "Def. Reply".

background of this matter.  D.E. 32.  To the extent relevant to the instant motion, the Court incorporates the factual and procedural history from the MTD Opinion.

In short, the IRS imposed penalties on Plaintiffs for failing to disclose their participation in trust arrangements that are similar to, or the same as, transactions addressed in IRS Notice 2007-83 (the "Notice").  SAC ¶¶ 11-15.  In the FAC, Plaintiffs sought a refund of their penalties and a declaratory judgment affirming a decision from the Sixth Circuit pertaining to the basis for the penalty.  In the MTD Opinion, the Court dismissed Plaintiffs' First Amended Complaint ("FAC") for lack of subject matter jurisdiction.  The Court determined that it lacked subject matter jurisdiction over Plaintiffs' refund-based claim because no Plaintiff exhausted the administrative remedies before filing suit or the FAC.  MTD Opinion at 6.  This Court also determined that Plaintiffs failed to establish that any other waiver of sovereign immunity applied to their remaining claim.  *Id.* at 7-8.  The Court, however, provided Plaintiffs with leave to file an amended complaint and Plaintiffs subsequently filed the SAC.

In the SAC, Plaintiffs allege that they have now exhausted their administrative remedies, SAC ¶¶ 18-23, and each Plaintiff asserts a separate claim for a refund, *id.* ¶¶ 119-48.  Plaintiffs also assert three Administrative Procedure Act ("APA") claims seeking to set aside the Notice, *id.* ¶¶ 74-118, and reassert the same declaratory judgment claims from the FAC, *id.* ¶¶ 53-73. Defendant subsequently filed the instant motion, arguing that the SAC must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  D.E. 36.

## II.     STANDARDS OF REVIEW

In deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed.  *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849,

854 (E.D. Pa. 2015) (internal quotation marks and citation omitted).  A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Id*.  Here, Defendant asserts the defense of sovereign immunity based on the pleadings, thereby raising a facial attack.  *See Perez v. New Jersey*, No. 14-4610, 2015 WL 4394229, at *3 (D.N.J. July 15, 2015) ("[T]he State Defendants' motion asserts the defense of sovereign immunity based on the facts as pleaded in the Second Amended Complaint and is thus a facial attack.").  Accordingly, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss.  *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)).

Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).  For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth.  *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  The Court, however,

"must accept all of the complaint's well-pleaded facts as true" and give a plaintiff the benefit of all reasonable inferences therefrom. *Fowler*, 578 F.3d at 210.

### III.   ANALYSIS

#### A.  Refund Claims (Counts Six through Ten)

Absent a waiver, sovereign immunity shields the United States and its agencies from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  Statutory waivers of federal sovereign immunity implicate a court's subject matter jurisdiction. *CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008).  To be effective, "[w]aivers of the Government's sovereign immunity . . . must be 'unequivocally expressed.'"  *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33 (1992).  As discussed in the MTD Opinion, Congress waived the government's sovereign immunity for tax matters under certain circumstances, including challenging an assessed tax penalty.  28 U.S.C. § 1346(a)(1).  A taxpayer, however, must exhaust administrative remedies before filing suit under Section 1346. *Bullock v. IRS*, 602 F. App'x 58, 61 (3d Cir. 2015).  26 U.S.C. § 7422 provides that a taxpayer cannot bring suit under Section 1346(a)(1) "until a claim for refund or credit has been duly filed with the Secretary."  26 U.S.C. § 7422.  In addition, a taxpayer must wait six months after filing his claim for a refund before initiating suit, unless the secretary issues a decision within the initial six months.  26 U.S.C. § 6532.

Defendant argues that Plaintiffs' claims for refunds must be dismissed because taxpayers are required to exhaust administrative remedies before initiating suit.  Defendant continues that the fact that Plaintiffs have now exhausted their administrative remedies cannot save their claims. Def. Br. at 12-22.  Defendant largely relies on *Gaynor v. United States*, 150 Fed. Cl. 519 (Fed. Cl. 2020) in support.  In *Gaynor*, the plaintiff filed suit seeking a partial refund before fully paying certain penalties assessed against him and less than six months after filing a refund claim with the

4

IRS.  The court observed that "Gaynor first filed the instant action prior to having satisfied *any* of the jurisdictional prerequisites for *any* year."  *Gaynor*, 150 Fed. Cl. at 524 (emphases in original). By the time the plaintiff filed an amended complaint, however, the six-month waiting period had passed.  *Id.*  But as explained by the Court of Federal Claims, Section 7422 sets forth jurisdictional prerequisites, and satisfaction of the prerequisites must occur before the initial complaint is filed. *Id.* at 530.  The *Gaynor* court explained that this includes payment of the penalty in full, filing a refund claim prior to initiating a tax refund suit, and waiting six months or receiving a notice of administrative claim disallowance.  *Id.* at 537.  The court concluded that "an amended complaint cannot create jurisdiction where none existed in the first place."  *Id.* at 530.  The court in *Gaynor* further explained that jurisdiction is assessed "at the time at which a complaint is filed – not subsequently, after a plaintiff already has filed an action.  Concluding otherwise would render the statutory waiting period a dead letter."  *Id.* at 538.

The Third Circuit also recognizes that Sections 7422 and 6352 are jurisdictional prerequisites.  *See Hassen v. Virgin Islands*, 861 F.3d 108, 114 (3d Cir. 2017) (explaining in *dicta* that Section 7422(a) "embodies a condition that must be satisfied for a court to entertain a case," such that it creates jurisdictional prerequisites); *Ruscitto v. United States*, 629 F. App'x 429, 431 n.1 (3d Cir. 2015) (explaining that 26 U.S.C. §§ 6532 and 7422 are jurisdictional requirements). But unlike *Gaynor*, the Third Circuit permits litigants to file amended or supplemental pleadings that relate back to the original filing to cure original filing defects.  *See Garrett v. Wexford Health*, 938 F.3d 69, 84 (3d Cir. 2019); *see also Korb v. Haystings*, 860 F. App'x 222, 225 (3d Cir. 2021) (explaining that "a district court may dismiss the complaint without prejudice to be refiled after the prisoner completes the grievance process" under the Prisoner Litigation Reform Act).

Defendant attempts to distinguish *Garrett*, which involved the exhaustion requirement in the Prison Litigation Reform Act ("PLRA").   In *Garrett*, the plaintiff failed to exhaust administrative remedies before filing a civil rights complaint in federal court addressing his conditions of confinement.  The plaintiff was a federal prisoner when he initially filed suit, so the PLRA applied to his claim.  The plaintiff, however, filed a supplemental pleading after he was released from prison.  Accordingly, the PLRA's exhaustion requirement no longer applied. *Garrett*, 938 F.3d at 81.

Defendant first argues that *Garrett* is not instructive because the plaintiff's changed circumstances did away with the jurisdictional prerequisite rather than satisfy a condition that had not previously been met.  Def. Br. at 17.  But the *Garrett* court did not make such a distinction.  In *Garrett*, the Third Circuit broadly explained that "a supplemental complaint under Rule 15(d) that relates back to the original complaint may cure the filing defect in the original complaint." *Garrett*, 938 F.3d at 84.  The *Garret* court also discussed the liberal purpose of Rule 15 (*id.* at 82) and relied on *T Mobile Northeast LLC v. City of Wilmington*, 913 F.3d 311, 328 (3d Cir. 2019).[2]

Defendant also argues that *Garrett* is distinguishable because the exhaustion requirement of the PLRA does not relate to a waiver of sovereign immunity.  Def. Br. at 18.  In support, Defendant relies on the principal that "[s]tatutory text purporting to waive governmental immunity is strictly construed in favor of the sovereign."  *Nederland Shipping Corp. v. United States*, 18

---

[2] In *T Mobile*, the Third Circuit determined that a later complaint that relates back to the original pleading pursuant to Rule 15(c) can cure an initial complaint that was unripe.  *T Mobile*, 913 F.3d at 328.  In *T Mobile*, T Mobile filed a lawsuit pursuant to the Telecommunications Act ("TCA") before receiving a final written decision.  While the Third Circuit determined that it was not a jurisdictional requirement, the Circuit determined that the TCA requires final action before a district court's review.  *Id.* at 315.  The *T Mobile* court permitted T Mobile to file a supplemental complaint stating that it received a final decision from the zoning board after it filed the initial complaint.

F.4th 115, 129 (3d Cir. 2021).  But here, there is no dispute that Congress waived the government's sovereign immunity through 28 U.S.C. § 1346.  Thus, the Court does not need to wade into a statutory text analysis to determine whether a waiver exists.  Moreover, while the Court acknowledges that certain equitable exceptions may not be applicable for jurisdictional procedural requirements, Defendant fails to identify persuasive authority from the Third Circuit suggesting that the Court's analysis about amended pleadings and relation back pursuant to the Federal Rules of Civil Procedure would change in the face of waiver of sovereign immunity.

Here, Plaintiffs' SAC relates back to Plaintiffs' original complaint, *see* Fed. R. Civ. P. 15(c), and Plaintiffs exhausted their administrative remedies before filing the SAC.  As a result, Plaintiffs' refund claims (Counts Six through Ten) are properly established through the SAC and this Court has subject matter jurisdiction over the claims.  Defendant's motion is denied on these grounds.

### B.  Administrative Procedure Act Claims (Counts Three through Five)

The APA "provides for judicial review of 'final agency action.'"  *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 247 (3d Cir. 2011) (quoting 5 U.S.C. § 702).  Thus, Congress waived sovereign immunity through the APA for suits against the United States involving a "legal wrong because of agency action."  *See Temple Univ. Hosp., Inc. v. Sec'y U.S. Dept. of Health & Human Servs.*, 2 F.4th 121, 132 (3d Cir. 2021); 5 U.S.C. § 702.

Defendant first contends that Plaintiffs cannot bring their APA claims because other congressionally enacted procedures for review exist.  Def. Br. at 23-24.  A party may bring an APA claim challenging agency enforcement action provided that there is not a "prior, adequate, and exclusive opportunity for judicial review" otherwise provided by law.  5 U.S.C. § 703.  Because Plaintiffs seek a refund of the assessed penalties, Defendant maintains that Section 7422

is a specialized statutory scheme that bars Plaintiffs' APA claims.  Def. Br. at 23.  Defendant further argues that Plaintiffs' claims are barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a).  *Id.* at 24.  The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any such tax shall be maintained in any court by any person."  26 U.S.C. § 7421(a).  Together, the Anti-Injunction Act and Section 7422 require that a taxpayer be penalized before the taxpayer can challenge the penalty in court.

Plaintiffs' APA claims are procedural challenges to promulgation of the Notice.  *See* SAC ¶¶ 75-91 (challenging the IRS's failure to follow the APA's notice-and-comment requirements); *id.* ¶¶ 93-105 (alleging that the Notice fails to describe the transactions subject to the Notice with specificity); *id.* ¶¶ 112-16 (alleging that the Notice is arbitrary and capricious).  Again, the Notice imposes reporting requirements as to certain types of transactions that the IRS determined have the potential to be abusive tax avoidance transactions.  SAD ¶ 13.  But Plaintiffs' claims to enjoin enforcement of the Notice are distinct from their claims that directly seek a refund of their statutory tax penalties.  And the distinction is critical.  The Supreme Court has explained that there is a difference between a suit challenging a reporting requirement or regulatory mandate and one that challenges the tax penalty.  *See CIC Servs., LLC v. IRS*, --- U.S. ---, 141 S. Ct. 1582, 1592 (2021) (concluding that suit "target[ing] the upstream reporting mandate, not the downstream tax" was not barred by the Anti-Injunction Act).  Accordingly, to the extent Plaintiffs' claims are premised on the Notice itself, they are not barred by the Anti-Injunction Act.  Further, Plaintiff could not assert these claims through 26 U.S.C. § 7422 because they are not challenging the tax penalties.  The Court, therefore, has subject matter jurisdiction to address Counts Three through Five, to the extent Plaintiffs seek an order invalidating the Notice on its face, without considering the penalties assessed against Plaintiffs.

Defendant also contends that Plaintiffs' APA claims are barred by the statute of limitations. Def. Br. at 25-31. Defendant argues that Plaintiffs' procedural challenges accrued on the date of the IRS's original action, *i.e.,* when the IRS published the Notice. Def. Br. at 27. Plaintiffs maintain that their claims only accrued once the IRS imposed penalties. Plfs. Opp. at 9. The statute of limitations is an affirmative defense not normally decided on a motion to dismiss.[3] *See Crump v. Passaic County*, 147 F. Supp. 3d 249, 259 (D.N.J. 2015). However, "where the complaint facially shows noncompliance with the limitations period," dismissal on statute of limitations grounds may be appropriate. *Id*.

"Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a); *see also Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Human Serv.*, 101 F.3d 939, 944-45 (3d Cir. 1996) ("The applicable statute of limitations for civil actions against the United States under the [APA] is six years."). Further, "facial challenges to an agency action accrue at the time the rule was promulgated." *Small & Medium Consortium, Inc. v. Nielsen*, No. 18-8672, 2019 WL 13295520, at *4 (D.N.J. Jan. 18, 2019) (quoting *Custin v. Wirths*, No. 12-910, 2014 WL 356254, at *9 (D.N.J. Jan. 31, 2014)); *see also Pa. Dep't of Pub. Welfare*, 101 F.3d at 945 (explaining that facial APA claim was ripe when regulation at issue was promulgated). As discussed, this Court only has jurisdiction to hear Plaintiffs' APA claims to the extent they challenge the Notice itself, separate from the imposition of any penalty. Accordingly, Plaintiffs' APA claims are facial challenges to the Notice. But Plaintiffs asserted their claims more than six years after the IRS

---

[3] "[F]ederal statutes of limitations are not jurisdictional." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 194 (3d Cir. 2009) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93-96 (1990)); *see also Boechler, P.C. v. Commissioner*, --- U.S. ---, 142 S. Ct. 1493, 1497 (U.S. 2022) ("[W]e treat a procedural requirement as jurisdictional only if Congress 'clearly states' that it is." (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515 (2006))).

published the Notice in 2007.  Plaintiffs' APA claims, therefore, are barred by the statute of limitations.

Plaintiffs counter that APA claims accrue when an individual is adversely affected or suffers a legal wrong because of the final agency action.[4]  Plaintiffs rely on Sixth Circuit precedent to support their argument.  *See* Plfs. Opp. at 10-12.  Although the Third Circuit has not squarely addressed when an as-applied facial challenge accrues, the weight of authority within the circuit suggests that certain as-applied APA claims accrue upon an individual's injury.  *See, e.g.*, *Custin*, 2014 WL 356254, at *9 ("A fresh limitations period arises, however, when the agency subsequently *applies* the rule against a party who challenges such *application* on statutory or constitutional grounds.") (emphases in original).  But even assuming Plaintiffs properly assert an as-applied APA claim, Plaintiffs began participating in the transactions in 2013, SAC ¶ 10, thus were required to report their participation beginning in 2014.  *See* Plfs. Opp. at 9.  Under Plaintiffs' theory, their claims would have accrued, at the latest, in 2014, when they were first required to comply with the reporting requirement.  Accordingly, the statute of limitations ran in 2020.  Plaintiffs, however, did not file their initial complaint until 2022.  D.E. 1.

Plaintiffs also argue that a new limitations period began when they were penalized in 2022, or alternately, that they were not adversely affected until the penalty.  Plfs. Opp. at 13-15.  But these as-applied claims should be brought (and in fact Plaintiffs do) through a Section 7422 refund suit, which take the claims beyond the reach of the APA.  *See* 5 U.S.C. § 704; *see also Oliver v. U.S. Dep't of the Army*, No. 14-4114, 2015 WL 4561157, at *7 (D.N.J. July 28, 2015) ("Plaintiff's

---

[4] Plaintiffs also seem to conflate 5 U.S.C. § 702 with 28 U.S.C. § 2401(a).  *See* Plfs. Opp. at 13-14 (arguing that Section 702 addresses accrual).  5 U.S.C. § 702 is a waiver of sovereign immunity defining who can sue under the APA, *Gentile v. SEC.*, 974 F.3d 311, 316-17 (3d Cir. 2020), and 28 U.S.C. § 2401 addresses when a person can sue.

claim is not subject to judicial review under the APA because § 704 divests a District Court of APA-based jurisdiction if there is another adequate remedy available to the Plaintiff and the Tucker Act provides 'other adequate remedy in court' available to Plaintiff.").

### C.  Declaratory Judgment Act Claims (Counts One and Two)

Finally, Defendant maintains that Counts One and Two must be dismissed under the law of the case doctrine.  Def. Br. at 34-36.  The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  *In re Cont'l Airlines, Inc.*, 279 F.3d 226, 233 (3d Cir. 2002) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)); *see also Scudder v. Colgate Palmolive Co.*, No. 16-7433, 2018 WL 4188456, at *2 (D.N.J. Aug. 31, 2018) ("The law of the case doctrine 'limits relitigation of an issue once it has been decided' in the same case or litigation." (quoting *Hoffman v. City of Bethlehem*, 739 F. App'x 144, 150 (3d Cir. June 20, 2018))).  The doctrine "promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'"  *In re Cont'l Airlines, Inc.*, 279 F.3d at 233 (quoting *Christianson*, 486 U.S. at 816).  As a result, a litigant is not provided with "a second opportunity to litigate a matter that has been fully considered by a court of coordinate jurisdiction, absent unusual circumstances."  *Krys v. Aaron*, 106 F. Supp. 3d 472, 480 (D.N.J. 2015).  A court can, however, reconsider a previously decided issue if extraordinary circumstances exist, "such as if new evidence becomes available, a supervening law has been introduced, or the prior decision was 'clearly erroneous and would create manifest injustice.'"  *Walker v. Coffey*, 956 F.3d 163, 170 (3d Cir. 2020) (quoting *In re City of Phila. Litig.*, 158 F.3d 711, 718 (3d Cir. 1998)).

The Declaratory Judgment Act allows any court of the United States to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further

relief is or could be sought." 28 U.S.C. § 2201(a).  But the Declaratory Judgment Act does not independently constitute a waiver of sovereign immunity.  *See Altice USA, Inc. v. N.J. Bd. of Pub. Utils.*, No. 19-21371, 2020 WL 359398, at *4 (D.N.J. Jan. 22, 2020) ("The Declaratory Judgment Act does not abrogate sovereign immunity.").  Through Count One, Plaintiffs seek a declaratory judgment stating that because of the Sixth Circuit's vacatur of the Notice in *Mann Construction, Inc. v. United States*, 27 F.4th 1138 (6th Cir. 2022), the Notice has no effect.  SAC ¶ 65.  This claim is substantively identical to the Declaratory Judgment Act claim in the FAC and this Court previously determined that Plaintiffs had failed to establish that any waiver of sovereign immunity applied to the count.  MTD Opinion at 7-8.  Nothing in the SAC impacts the Court's analysis as to Count One.  Further, Plaintiffs do not identify any extraordinary circumstances that justify revisiting this Court's prior conclusion.  Accordingly, for the reasons discussed in the MTD Opinion, Count One is dismissed.

In Count Two, Plaintiffs seek a declaratory judgment stating that the Oom DBT/RPT and the Dharm DBT/RPT are not subject to the reporting requirements of the Notice and that the § 6707A penalties assessed against them are unlawful and invalid.  SAC ¶ 73.  Because this claim is focused on the assessed penalties, Plaintiffs exhaustion of administrative remedies could conceivably alter this Court's analysis in the MTD Opinion.  Accordingly, the law of the case doctrine is not applicable.  *See Walker*, 956 F.3d at 170 (quoting *In re City of Phila. Litig.*, 158 F.3d at 718) (explaining that changed evidence constitutes extraordinary circumstances).  But Plaintiffs explicitly premise Count Two on the APA.  SAC ¶ 69.  Consequently, for the same reasons discussed above as to Plaintiffs' APA claims, Count Two is also dismissed.

## IV.    CONCLUSION

For the reasons set forth above, and for good cause shown,

12

IT IS on this 18th day of August, 2023,

**ORDERED** that Defendant's motion to dismiss, D.E. 36, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Defendant's motion is **GRANTED** with respect to Counts One through Five of the SAC.  These counts are **DISMISSED** pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); and it is further

**ORDERED** that Defendant's motion to dismiss is otherwise **DENIED**.


John Michael Vazquez, U.S.D.J.